IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOROTEO RENDON-MARTINEZ,
No. 09999-280,

        Petitioner,

vs.                                  Case No. 16-cv-00415-DRH

T.G. WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Doroteo Rendon-Martinez is currently incarcerated in the Greenville Federal Correctional Institution, located within this judicial district. In 2010, following a bench trial in the U.S. District Court for the Western District of Oklahoma, Rendon-Martinez was found guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and illegal re-entry by an alien, in violation of 8 U.S.C. § 1326(a). He was found to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). Consequently, he was subjected to a mandatory minimum sentence of 15 years (180 months). Rendon-Martinez was sentenced to 15-year terms of imprisonment on each charge, with the sentences to run concurrently. *See United States v. Rendon-Martinez*, Case No. 10-cr-95-C (W.D. OK 2010).

Citing the Supreme Court's recent ruling in *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (2015), petitioner Rendon-Martinez brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging his sentence. The petition is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## **Discussion**

Under the ACCA, a person convicted under 18 U.S.C. § 922(g)—such as petitioner Rendon-Martinez—is subject to an increased sentence if he or she has three previous convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 922(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). The italicized clause is referred to as the

"residual clause." The ACCA provides for a 15-year mandatory minimum sentence.

As noted above, petitioner was sentenced as an armed career criminal. He unsuccessfully appealed his sentence (*United States v. Rendon-Martinez*, No. 10-6231 (10th Cir. 2011). One of the arguments on direct appeal pertained to the ACCA and whether the relevant three prior serious drug offenses were not mentioned in the indictment, and whether those offenses had been sufficiently proved to have occurred at different occasions from one another. A subsequent motion attacking his sentence pursuant to 28 U.S.C. § 2255 also failed (*Martinez v. United States*, Case No. 12-cv-388-C (W.D. OK 2012). The Section 2255 motion did not pertain to the ACCA.

The Supreme Court held in *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), that, relative to the ACCA, imposition of an enhanced sentence under the so-called "residual clause" (18 U.S.C. § 924(e)(2)(B)(ii)) violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*,135 S.Ct. at 2557. Relying on *Johnson*, petitioner argues that his enhanced sentence is unconstitutional—an argument that arguably could not have been presented in his previous appeal and Section 2255 motion.[1]

Ordinarily, a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. §

---

[1] Although it doesn't appear that petitioner was sentenced under the residual clause, because his petition is premised upon *Johnson* the Court need not dwell on that point, for reasons that follow.

2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the actual execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e).

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Johnson* was published, the law has been evolving, but on August 4, 2015, the Seventh Circuit specifically concluded that *Johnson* announced a new substantive rule of *constitutional* law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, 795 F.3d 731, 732-35 (7th Cir. 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under *Johnson* relative to an ACCA sentence). *Price* indicates that a motion filed pursuant to Section 2255 is the primary vehicle for seeking relief under *Johnson*. Thus, based on controlling precedent, petitioner's argument for why Section 2255 is an inadequate remedy evaporated when *Price* was published. Any remaining doubt was dispelled recently when the Supreme Court held in *Welch v. United States*, __U.S.__, 136 S. Ct. 1257, 1265, 1268 (April 18, 2016), that *Johnson* is a substantive decision (*not* a statutory interpretation case) that is retroactive in cases on collateral review. Consequently, petitioner cannot utilize Section 2241 to present his arguments; instead, he must utilize Section 2255.

This Court cannot re-characterized the Section 2241 petition as a Section 2255 motion. In *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke-whether § 2241, § 2255, or 42 U.S.C. § 1983-and give the action the treatment appropriate under that law." Consequently, Rendon-Martinez's Section 2241 petition will be dismissed with prejudice.

If petitioner decides to pursue relief under Section 2255, he is advised that because he previously filed a Section 2255, he, like the petitioner in *Price*, would need to seek permission to file a second or successive Section 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced—the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3). This Court expresses no opinion as to whether, in light of *Welch*, the Tenth Circuit would grant petitioner leave to file a second or successive Section 2255 motion, or whether petitioner would ultimately be entitled to relief under *Johnson*.

It is very important to note that 28 U.S.C. 2255(f)(3) requires that a Section 2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court…." *Johnson* was decided by the Supreme Court on June 26, 2015. Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353, 357-59 (2005).

**IT IS HEREBY ORDERED** that petitioner Rendon-Martinez's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED.R.APP.P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues

petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. *See* FED.R.APP.P. 4(a)(4) (listing motions that alter the time for filing an appeal).

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Dated: May 11, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.05.11 10:13:04 -05'00'

**United States District Judge**